PEOPLE v TAYLOR (ON REMAND)

Docket No. 77-3315. Submitted November 3, 1976, at Lansing.—Decided May 23, 1978.

Diane Taylor was convicted by a jury of first-degree murder, Jackson Circuit Court, Gordon W. Britten, J. Defendant appealed, contending that the prosecution had not presented sufficient evidence of premeditation and deliberation to support the conviction of first-degree murder. The Court of Appeals, in a memorandum opinion, affirmed. Defendant applied for leave to appeal to the Michigan Supreme Court. The Supreme Court ordered the case remanded to the Court of Appeals as on leave granted to consider the adequacy and accuracy of the instructions on first-degree murder, 401 Mich 806 (1977). On remand, *held:*

The instructions to the jury on first-degree murder were adequate and accurate, despite the fact that the word "deliberation" had not been used, where the trial court's instructions to the jury did give an appropriate definition of "deliberation" and the jury was adequately informed.

Affirmed.

HOMICIDE—MURDER—FIRST-DEGREE MURDER—INSTRUCTIONS TO JURY
—DELIBERATION—PREMEDITATION.

Instructions to the jury, in a first-degree murder case, which are less than perfect in that they do not contain the "magic" word "deliberation" are sufficient where a close examination of the instructions indicates that an appropriate definition of "deliberation" was given and that the jury was adequately informed that they had to find that the defendant premeditated and deliberated before she could be found guilty of first-degree murder.

REFERENCES FOR POINTS IN HEADNOTE
40 Am Jur 2d, Homicide § 501.
Instruction as to presumption of deliberation or premeditation from the fact of killing. 86 ALR2d 656.
Instructions as to presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR2d 1435.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*McFarland, Schmier, Stoneman & Singer,* for defendant on appeal.

Before: DANHOF, C. J., and M. J. KELLY and D. E. HOLBROOK, JR., JJ.

ON REMAND

D. E. HOLBROOK, JR., J. On February 24, 1975, defendant was convicted by a circuit court jury of first-degree murder contrary to MCL 750.316; MSA 28.548. Defendant appealed that conviction as of right to this Court raising the single contention that the people had not presented sufficient evidence of premeditation and deliberation to support the conviction for first-degree murder. In a memorandum opinion we affirmed defendant's conviction having found sufficient evidence to support the verdict. Defendant then applied for leave to appeal to the Michigan Supreme Court. On August 31, 1977, the Supreme Court ordered the case "REMANDED to the Court of Appeals as on leave granted to consider the adequacy and accuracy of the instructions on first degree murder", 401 Mich 806 (1977). Thus superseded, in this case, is the normal rule that appellate review of these unobjected to instructions would be precluded by GCR 1963, 516.2.

In the instant case the trial court instructed the jury as to first-degree murder, second-degree murder, voluntary manslaughter, involuntary manslaughter, not guilty by reason of insanity, and not

guilty verdicts. The trial court defined murder and then instructed:

"If you come to the conclusion that the Defendant is guilty of murder, as I have defined it, it will be your duty to determine whether she is guilty of murder in the first degree, or murder in the second degree. The difference between murder in the first degree, and murder in the second degree is this. Murder in the first degree is a killing done wilfully and with premeditation. While murder in the second degree, the element of premeditation is absent.

"To convict the Defendant of murder in the first degree, it must appear that the killing was wilful and premeditated. It is not necessary that any definite period of time should have elapsed between the forming of such intention, and the striking of the blow which killed the deceased, providing the blow was premeditated, and the Defendant acted wilfully. On the other hand, if the killing was done under a sudden impulse, with malice, without premeditation, or previously formed intention, the offense would be murder in the second degree. As I have stated before the difference between the two offenses is that murder in the first degree, the element of premeditation is present, while in murder in the second degree, the element of premeditation is not present."

The Court then elaborated on "premeditation" and then instructed the jury:

"If you believe from the testimony, beyond a reasonable doubt, that the Defendant at the time charged in the Information, being of sound mind, wilfully and unlawfully killed Lila Edwards with malice aforethought, either expressed or implied, under the definitions as I have given you; that is, *that she had thought the matter out, and reached a conclusion,* regardless of the length of time during which she entertained it, that she would kill Lila Edwards, or would inflict upon her some great bodily harm, less than the crime of murder, but with which from the nature of the instrument and

the manner of its use might seriously involve the life of Lila Edwards, then your verdict should be that she is guilty of murder in the first degree." (Emphasis supplied.)

While the instructions are less than perfect they are sufficient to support defendant's conviction for first-degree murder. It is true the trial court did not use the "magic" word "deliberation", but a close examination of the trial judge's instructions indicates that an appropriate definition of "deliberation" was given. In *People v Vail,* 393 Mich 460, 468–469; 227 NW2d 535 (1975), the Supreme Court quoted with approval from then Judge LEVIN's opinion in *People v Morrin,* 31 Mich App 301, 328–330; 187 NW2d 434 (1971):

"to deliberate is to measure and evaluate the major facets of a choice or problem."

We conclude that this definition, to a lay juror, is little different than the language used by the trial judge—"that she had thought the matter out, and reached a conclusion".

While it is clearly preferable for the judge to use the term "deliberate", we believe the court's instructions in this case adequately informed the jury that they had to find that the defendant premeditated and deliberated before she could be found guilty of first-degree murder.

We also conclude that the trial judge correctly instructed that "malice" was a permissible inference and that the malice instruction was similar to instructions upheld in *People v Rosemary Gibson,* 71 Mich App 543, 551–554; 248 NW2d 613 (1976), *lv den,* 400 Mich 854 (1977), and *People v Fabian,* 77 Mich App 52, 58; 257 NW2d 673 (1977).

Affirmed.